<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| **MARIA M. LLOPIZ-RIVERA,** | : | |
| | : | 04-CV-3245 (WJM) |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

_____:

Agnes S. Wladyka
Abromson & Carey
60 Park Place
Suite 601
Newark, NJ 07102

*Attorney for Plaintiff*

Karen G. Fiszer
Special Assistant U.S. Attorney
26 Federal Plaza
Room 3904
New York, NY 10278

*Attorney for Defendant*

**MARTINI, U.S.D.J.:**

Plaintiff Maria M. Llopiz-Rivera brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final determination by the Commissioner of Social Security ("Commissioner"), which denied Plaintiff's application for Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") benefits.  The Commissioner opposes.  For the reasons articulated below, the Commissioner's decision is **AFFIRMED**.

I.      BACKGROUND

Plaintiff was born in Puerto Rico in 1970 and came to the mainland seven years later.  She was thirty years old at the time of her alleged onset of disability.  Plaintiff lived in a first floor apartment with her three children, ages eight, ten, and thirteen.  She had a twelfth-grade education, one year of college, and computer word processing skills.  She was last employed as a supermarket cashier from October 2002 until March 1, 2003.  (R. at 237-239).   Prior to being a cashier, she was employed as a part-time counter person at a donut shop from March 2001 until October 2001, where she was on her feet all day carrying trays of donuts and cleaning the floor.  (R. at 79, 240-41).  Previously, she worked as a medical receptionist from June 1993 until September 2000.  As a medical receptionist, she sat at a computer and/or telephone for most of the day and occasionally lifted objects weighing up to ten pounds.  (R. at 66, 244).

Plaintiff allegedly became disabled on October 1, 2001. Her disability was lower back pain due to disc damage.  On November 6, 2001, Plaintiff filed an application for social security benefits relying on that alleged disability.  The application was denied initially and on reconsideration.

The Plaintiff filed for an administrative hearing, which was held on September 17, 2003.  On September 26, Administrative Law Judge ("ALJ") Katherine C. Edgell issued a decision finding that, although Plaintiff had a combination of severe impairments, she was not entitled to benefits because she did not qualify as "disabled" within the meaning of the Social Security Act.

Ultimately, the ALJ found that Plaintiff retained the residual functional capacity to perform her past relevant work as a medical receptionist. Plaintiff sought review by the Appeals Council, and on May 13, 2004, the Appeals Council denied her request for review.

Plaintiff timely appeals to this Court to review the decision denying her benefits, alleging that the ALJ's determination that Plaintiff retained the residual functional capacity to perform her past relevant work is not supported by substantial evidence.

## II.   STANDARD OF REVIEW

The Commissioner utilizes a five-step sequential process to evaluate whether a claimant is disabled. In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. *Burnett v. Commr. of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000). In step two, the Commissioner must determine whether the claimant is suffering from a severe medical impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that his or her impairment(s) is "severe," he or she is ineligible for disability benefits. 20 C.F.R. § 404.1520(c); *Burnett*, 220 F.3d at 118. If the claimant demonstrates a severe medical impairment, the Commissioner determines in step three whether the impairment meets or equals an impairment listed by the Commissioner. 20 C.F.R. § 404.1520(d). If the claimant's severe medical impairment satisfies the step three analysis, the Commissioner will find the claimant disabled without considering other factors such as age, education, and work experience. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, then the analysis proceeds to steps four and five. *Burnett*,

220 F.3d at 118. At step four, the claimant bears the burden of demonstrating an inability to return to his or her past relevant work. *Burnett*, 220 F.3d at 118 (quoting *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994)). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy, taking into consideration the claimant's age, education, and past work experience, in order to deny a claim of disability. *Burnett*, 220 F.3d at 118; 20 C.F.R. § 404.1520(f). If the claimant cannot perform other available work in the national economy, then the Commissioner must grant disability benefits to the claimant.

      The district court exercises plenary review over the Commissioner's legal conclusions and is bound by the Commissioner's factual findings if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted); *see also Woody v. Secretary of Health & Human Servs.*, 859 F.2d 1156 (3d Cir. 1988) (stating that substantial evidence is "more than a mere scintilla but may be less than a preponderance"). Thus, this Court's inquiry is whether the record, read in its entirety, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the Commissioner. "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

**III.   DISCUSSION**

In reaching the decision to deny benefits to Plaintiff, the ALJ undertook the multi-step sequential evaluation as required to determine whether Plaintiff was disabled and found as follows: (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (2) Plaintiff had a combination of severe impairments; and (3) those impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (4) Plaintiff's subjective complaints of pain were not totally credible in light of the evidence and Plaintiff retained the residual functional capacity to perform sedentary work, including her past relevant work as a medical receptionist; and (5) Plaintiff did not suffer from a disability as defined in the Social Security Act.  (R. at 21-22).

Plaintiff appeals the ALJ's finding for step four, arguing that the ALJ's decision that Plaintiff retains the residual functional capacity to perform past relevant work is not supported by substantial evidence.  Plaintiff argues that the ALJ's decision is erroneous for two reasons.  First, Plaintiff alleges that the ALJ erred in determining that Plaintiff's subjective complaints of pain were not totally credible and did not render Plaintiff completely disabled.  Second, Plaintiff alleges that the ALJ erred in not fully considering Plaintiff's non-exertional impairments in determining her residual functional capacity.

**1.   Plaintiff's Complaints of Pain Were Not Credible**

Plaintiff argues that the ALJ erred in determining that Plaintiff's subjective complaints of pain were not totally credible.  She complained about lower back pain that made her unable to stand or sit for prolonged periods of time, rendering her ineffectual as a worker.  Plaintiff asserts

5

that all of her statements were consistent with each other and with the medical evidence.  In addition, Plaintiff contends that the ALJ did not refer to all of her statements in the record, therefore making the ALJ's determination inappropriate.  Plaintiff is incorrect.  The ALJ correctly analyzed Plaintiff's complaints of pain in conjunction with the objective medical evidence, finding that Plaintiff's complaints were not totally credible in light of the entire record.  This finding is supported by substantial evidence.

When a plaintiff claims that the ALJ failed to properly consider subjective complaints of pain, the Court must determine whether the ALJ considered all the evidence relevant to plaintiff's complaints of pain and whether that evidence so contradicts plaintiff's subjective complaints that the ALJ could discount plaintiff's testimony as not credible.  *Rush v. Apfel,* No. 00-2825, 2001 U.S. Dist. LEXIS 18247, at *12-13 (E.D. Pa. Nov. 7, 2001) (citing *Benskin v. Bowen,* 830 F.2d 878, 882 (8th Cir. 1978)).  A plaintiff's complaints of pain must be supported by objective medical evidence.  *See Edwards v. Comm'r of Soc. Sec.*, 989 F. Supp. 657, 660 (D.N.J. 1998).  Furthermore, credibility determinations are particularly the province of the finder of fact, and the Court will not upset such determinations when supported by substantial evidence.  *See Duncan v. Sullivan,* 786 F. Supp. 466, 468 (E.D. Pa. 1992).

The ALJ did not hastily dismiss the Plaintiff's subjective complaints of pain; rather the ALJ dismissed Plaintiff's complaints only after evaluating them in conjunction with the medical evidence.  The ALJ took into consideration such matters as her prescribed medication, daily activities, complaints of pain caused by sitting/standing, and medical reports.  Although the evidence showed that Plaintiff may have experienced some pain and consequential limitations

6

arising from her impairment, that pain was not so great as to interfere with her ability to perform her past relevant work.

The ALJ considered that Plaintiff still maintained a range of daily activities. Plaintiff was able to process her own bills, dress her three children in the morning, prepare dinner for her family, help her children with homework, and clean dishes. (R. at 21). According to Plaintiff's doctors, she did not have any physical limitations based on her impairment other than limitations in her abilities to lift, scoop or bend. (R. at 19). Plaintiff retained normal muscle strength and her ability to walk, and according to the report of Dr. Lewis Goodkin, all x-rays were within normal limits. (R. at 172). Thus, the objective medical evidence did not support the full extent of Plaintiff's complaints. Furthermore, Plaintiff worked for five months after her alleged onset of disability as a supermarket cashier. That job entailed prolonged standing and repetitive lifting, activities which belie complaints of disability pain. Given the above record of evidence, the ALJ's determination that Plaintiff was not entirely credible is supported by substantial evidence.

**2. There Is No Medical Evidence of Plaintiff's Alleged Non-Exertional Impairment**

Plaintiff raises two arguments claiming that the ALJ failed to fully consider the effects of non-exertional impairments on her residual functional capacity. First, Plaintiff claims that the ALJ did not fully consider her alleged mental impairments, including her history of mood swings, auditory hallucinations, and insomnia. Second, Plaintiff claims that the ALJ did not consider the side effects of her pain medication, such as dizziness and drowsiness. Plaintiff is incorrect. The ALJ's determination that Plaintiff possesses the residual functional capacity to perform her previous relevant work is supported by substantial evidence.

An assessment of a person's residual functional capacity must be based on all of the relevant evidence in the record, including an assessment of a person's physical and mental abilities. 20 C.F.R. § 404.1545. In this case, the Plaintiff submitted no medical evidence documenting a diagnosis for mood swings or hallucinations, and she was never previously referred for nor received any treatment for a mental disability. Nor is there any evidence that her mood swings, which allegedly began before she worked as a receptionist, ever impacted her ability to work.

Dr. Paul Fulford gave Plaintiff a mental examination to consider her alleged mental disability. Dr. Fulford found that other than experiencing an adjustment reaction to her physical impairment, Plaintiff was in normal mental health with no restrictions on daily activities and maintaining social functioning. (R. at 192). More importantly, he found:

> Ms. Rivera was oriented to time, place and person. . . . No looseness of association, circumstantial or tangential thinking was noted. Her speech was clear and goal directed. No rambling or difficulty to understand the conversation was noted. She was responsive and cooperative . . . . Mental control was good. . . . Short term memory was intact. . . . [P]resently, she denied feeling that life is not worthwhile. . . . She denies any paranoid thinking . . . . [S]he denies any auditory or visual hallucinations. Intelligence is estimated to be within normal limits . . . .

(R. at 181).

Dr. Fulford was the only psychologist to examine Plaintiff for alleged mental disability. Finding no evidence of a serious mental limitation, he opined that Plaintiff did not require any psychological treatment. (R. at 194).

With regard to Plaintiff's alleged mental impairment, Plaintiff is correct, the ALJ did not directly address Plaintiff's complaints. However, this oversight is harmless because there is no

8

medical evidence in the record that Plaintiff had a mental impairment that impacted her ability to work at her previous employment either singularly or in combination with other conditions. Indeed, the evidence concerning Plaintiff's mental status undermines, rather than supports, her allegations of mental impairment.

In reference to Plaintiff's alleged drug-effect impairment, the ALJ addressed the fact that Plaintiff had taken pain medication for her pain. (R. at 18). However, there is no evidence that she requires the medicine on a regular basis; nor is there any evidence that the medication affected her ability to perform her previous relevant work. The record supports the opposite conclusion, given that Plaintiff worked competently for some period of time after her alleged impairment, standing all day at a donut shop or as a supermarket cashier. Given the scant evidence concerning Plaintiff's need for pain medication, and given that the ALJ discounted Plaintiff's subjective complaints of pain, the Court finds that there is substantial evidence to support the ALJ's determination that Plaintiff retains the ability to work a sedentary job.

## IV.  CONCLUSION

For the foregoing reasons, this Court finds that ALJ Edgell's analysis was adequate and supported by substantial evidence. Consequently, this Court affirms the Commissioner's decision denying Social Security disability benefits to Plaintiff Maria M. Llopiz-Rivera.

**Dated:** October 20, 2005                                         s/ William J. Martini                          
                                                                                     **William J. Martini, U.S.D.J.**